LULA E. MANN *vs.* DELBERT E. MAXWELL.

Androscoggin.    Opinion January 2, 1891.

*Bastardy. Evidence. Practice. Exceptions.*

The statute, in bastardy proceedings, requires an accusation during travail of the complainant as a condition precedent to the right of recovery. The court admitted evidence of the fact by the testimony of an attendant at the time of travail.

When evidence is offered by a party, and at the time, in the light of what has been developed, the presiding justice thinks it incompetent and excludes it, but on further developments he concludes to admit it, and so informs counsel before the evidence is closed, and he declines to put it in, but elects to take his chance with the jury without it, it is too late for him to insist on exceptions after the verdict is against him.

ON EXCEPTIONS.

This was a proceeding under R. S., c. 97, relating to bastardy.

The complainant having filed, under section five of that chapter and before trial, her declaration, she next introduced the deposi-

tion of Mrs. Jenkins, to meet the requirements of section six of
the same chapter. The respondent objected to the fifth inter-
rogatory and to interrogatories and answers numbered six and
seven, which were as follows :

"*Int.* 5. Did the said Lula E. Mann, during her travail, make
any statement to you as to who was the father of the child, with
which she was then confined ? If yes, what was her statement ?
*Ans.* Yes, sir. She said it belonged to Delbert Maxwell.

"*Int.* 6. If yes, state what conversation you had with her in
regard to this subject? *Ans.* I don't remember of anything
more.

"*Int.* 7. Was the statement, above referred to, made during
the continuance of her pains of labor, if so, at what time, as
nearly as you can state? *Ans.* Yes, sir. Well, it was some-
where between five and six o'clock in the afternoon of the 2d
of May, 1889, as near as I can remember."

The presiding justice overruled the objections and the com-
plainant was allowed, without other objections to become a
witness.

There was evidence tending to show that the complainant,
in the fall of 1888, was keeping company with a man by the
name of Jones, and had been for about a year prior thereto;
and complainant was asked on cross-examination if she had not
on the 13th day of March, 1889, sent for Jones to come to her
house, which was objected to by complainant's counsel, but
admitted by the presiding justice, and in answer to this question
she stated that she had. Thereupon, she was further asked on
cross-examination if she did not at this time ask Jones to marry
her, which being objected to by complainant's counsel, together
with all conversation relative to her proposed marriage was
excluded by the court. The complainant had previously testified
that she had kept company with said Jones for more than a
year; that she knew at this time she was pregnant with child;
and that on the afternoon of the same day that she sent for
Jones, she served a complaint against the respondent.

Before the testimony was closed, the presiding justice informed
one of the respondent's counsel that he might recall the com-

plainant and further cross-examine her by putting the said questions, but he declined to do so, saying he preferred the matter to remain as it was.

There was a verdict for the complainant, and the respondent filed exceptions to the above rulings.

*George C. Wing*, *W. H. White* with him, for respondent.

While, as the exceptions show, there was no formal objection made to the complainant's becoming a witness, we submit that the objections to the testimony which qualified her to be a witness should operate in the place of a formal objection. The case shows that Dr. Kendrick was the attending physician upon the complainant, and that he arrived about sundown and left the next morning between eight and nine o'clock. It is certainly very remarkable that although he was present and testified at the trial, and a man of long experience as a physician, that no statement was made to him of this most important matter; and we further submit that the declaration to Mrs. Jenkins was too remote from the time of the birth of the child to answer to the requirements of the statute.

The conversation relative to complainant's proposed marriage was admissible. This evidence was admissible as affecting her credibility. *Burgess* v. *Bosworth*, 23 Maine, 573. Not sufficient, that respondent afterwards might recall witness. Thomp. on Trials, 3680.

*A. R. Savage and H. W. Oakes* for complainant.

Questions to Mrs. Jenkins are admissible. Statute requires an accusation during travail as a condition precedent to the right of recovery. Complainant's voluntary statement sufficient, without showing any inquiry addressed to her before making accusation. *Totman* v. *Forsaith*, 55 Maine, 360; *Wilson* v. *Woodside*, 57 *Id.* 489. Interrogatory five not leading. Interrogatory six covers preceding question. Interrogatory seven and answer more definitely covered by next question and answer admitted without objection.

Admissibility of complainant as a witness not open to respondent. She was competent, as the law now stands, without

preliminary testimony by another. Credibility and weight only affected: *Payne* v. *Gray*, 56 Maine, 317. Question to complainant, if she had not asked Jones to marry her, properly excluded. An affirmative answer could have no material bearing upon the issue of the paternity of this child. Discretion of court to exclude such questions: *Grant* v. *Libby*, 71 Maine, 427; *State* v. *Rollins*, 77 *Id.* 380; *Miller* v. *Smith*, 112 Mass. 470, and cases cited. Exception not tenable: *Mudget* v. *Kent*, 18 Maine, 349; *Thomson* v. *R. R. Co.* 81 Maine, 40.

LIBBEY, J. This is a complaint for bastardy. The verdict was for the plaintiff, and the defendant brings the case here on two exceptions.

The first is to the admission of three questions, numbered five, six and seven, in the deposition of Mrs. Jenkins. No objection was made to them when the deposition was taken. We think they were clearly competent.

The second is to the exclusion of a question put to the plaintiff on cross-examination. It is unnecessary to discuss the competency of the inquiry proposed, as during the trial and before the evidence was closed, the court concluded to admit the proposed questions, and so informed one of the defendant's counsel, and told him he might have the plaintiff recalled, and further cross-examine her by putting the questions which had been excluded; but he declined to do so, saying he preferred the matter to remain as it was.

When evidence is offered by a party, and at the time, in the light of what has been developed, the judge thinks it incompetent, and excludes it, but on further developments he concludes to admit it, as frequently occurs during a trial, and so informs counsel, and he declines to put it in, but elects to take his chance with the jury without it, it is too late for him to insist on exceptions after verdict against him.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.